**United States District Court**
For the Northern District of California

1

2                                                    *E-FILED:  August 28, 2012*

3

4

5

6

7                                   NOT FOR CITATION

8                     IN THE UNITED STATES DISTRICT COURT

9                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                                  SAN JOSE DIVISION

11   MICHELLE GAZAVE,                        No. C12-03838 HRL

12              Plaintiff,                   **ORDER DENYING MOTION TO
                                             APPOINT COUNSEL**
13        v.

14   SUPERIOR COURT FAMILY COURT             **[Re Docket No. 5]**
     DIVISION,

15              Defendant.

16   _____/

17

18        Presently before the court is Michelle Gazave's motion for the appointment of counsel.[1]

19   Generally, there is no right to counsel in a civil case.  See Lassiter v. Dep't of Social Services,

20   452 U.S. 18, 25 (1981).  However, courts have discretion to request volunteer counsel for

21   indigent civil litigants upon a showing of exceptional circumstances.  See 28 U.S.C. §

22   1915(e)(1) ("The court may request an attorney to represent any person unable to afford

23   counsel"); see also Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991) ("The court may

24   appoint counsel under section 1915[(e)(1)] . . . only under 'exceptional circumstances'").

25   _____

26        [1]     Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, Gazave has expressly
     consented that all proceedings in this matter may be heard and finally adjudicated by the
27   undersigned.  There is no indication in the docket that defendant has been served.  Unserved
     defendants are not deemed to be "parties" to the action within the rules requiring consent to
28   magistrate judge jurisdiction.  See Neals v. Norwood, 59 F.3d 530, 532 (5th Cir. 1995); see
     also Merino v. Saxon Mortgage, Inc., No. C10-05584, 2011 WL 794988 at *1, n. 1 (N.D.
     Cal., Mar. 1, 2011) (Laporte, J.) (same).

United States District Court
For the Northern District of California

1

To ascertain whether exceptional circumstances exist, the court must determine (1) the

likelihood of success on the merits and (2) the ability of the plaintiff to articulate her claims pro

se in light of the complexity of the legal issues involved.  Terrell, 935 F.2d at 1017.  Both of

these factors must be viewed together before reaching a decision on a request for counsel under

§ 1915.  See id.

Exceptional circumstances do not exist here.  The issues Gazave raises do not appear to

be particularly complex.  And, in any event, for the reasons stated in its separate order of

dismissal, the court finds that her complaint seeks relief from a defendant that is immune from

liability and that the deficiencies in her pleading cannot be resolved by amendment.

Accordingly, the motion to appoint counsel is denied.[2]

Dated: August 28, 2012

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

_____

[2]      Gazave has not provided the court with any contact information, and she says
that she is homeless.  Having no other means to reach her, the court will send its orders to
plaintiff at the address she provided in a prior lawsuit concerning her divorce proceedings.
See C11-03070RMW Gazave v. Yomtov.

5:12-cv-03838-HRL Notice sent by U.S. Mail to:

Michelle Gazave
207 Pecan Grove Court
San Jose, CA 95137

**United States District Court**
For the Northern District of California