*E-FILED: August 28, 2012*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| MICHELLE GAZAVE, | No. C12-03838 HRL |
|---|---|
| Plaintiff,<br>v. | **ORDER DENYING MOTION TO APPOINT COUNSEL** |
| SUPERIOR COURT FAMILY COURT DIVISION, | **[Re Docket No. 5]** |
| Defendant. | |

Presently before the court is Michelle Gazave's motion for the appointment of counsel.[1] Generally, there is no right to counsel in a civil case. See Lassiter v. Dep't of Social Services, 452 U.S. 18, 25 (1981). However, courts have discretion to request volunteer counsel for indigent civil litigants upon a showing of exceptional circumstances. See 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel"); see also Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991) ("The court may appoint counsel under section 1915[(e)(1)] . . . only under 'exceptional circumstances'").

---

[1] Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, Gazave has expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned. There is no indication in the docket that defendant has been served. Unserved defendants are not deemed to be "parties" to the action within the rules requiring consent to magistrate judge jurisdiction. See Neals v. Norwood, 59 F.3d 530, 532 (5th Cir. 1995); see also Merino v. Saxon Mortgage, Inc., No. C10-05584, 2011 WL 794988 at *1, n. 1 (N.D. Cal., Mar. 1, 2011) (Laporte, J.) (same).

1    To ascertain whether exceptional circumstances exist, the court must determine (1) the
2    likelihood of success on the merits and (2) the ability of the plaintiff to articulate her claims pro
3    se in light of the complexity of the legal issues involved. Terrell, 935 F.2d at 1017.  Both of
4    these factors must be viewed together before reaching a decision on a request for counsel under
5    § 1915.  See id.

6    Exceptional circumstances do not exist here.  The issues Gazave raises do not appear to
7    be particularly complex.  And, in any event, for the reasons stated in its separate order of
8    dismissal, the court finds that her complaint seeks relief from a defendant that is immune from
9    liability and that the deficiencies in her pleading cannot be resolved by amendment.

10   Accordingly, the motion to appoint counsel is denied.[2]

11   Dated: August 28, 2012

     _____
     HOWARD R. LLOYD
     UNITED STATES MAGISTRATE JUDGE

---

[2]  Gazave has not provided the court with any contact information, and she says that she is homeless.  Having no other means to reach her, the court will send its orders to plaintiff at the address she provided in a prior lawsuit concerning her divorce proceedings. See C11-03070RMW Gazave v. Yomtov.

2

1   5:12-cv-03838-HRL Notice sent by U.S. Mail to:

2   Michelle Gazave
    207 Pecan Grove Court
3   San Jose, CA 95137